IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| METHOD PHARMACEUTICALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:20-cv-753-ECM |
| | ) | [WO] |
| H-2 PHARMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Now pending before the Court are motions for leave to amend the complaint filed by Plaintiff Method Pharmaceuticals, LLC ("Method"). (Docs. 110, 117).[1] Defendant H-2 Pharma, LLC ("H-2") filed a response in opposition, arguing among other things that Method seeks to amend after the May 23, 2022 deadline for amending pleadings set out in the Court's Uniform Scheduling Order. (Doc. 126). Having reviewed the parties' submissions, the Court concludes that Method's motions are due to be GRANTED.

**I. LEGAL STANDARD**

District courts must enter a scheduling order that "limit[s] the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b). Such an order "control[s] the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As is the case here, when a plaintiff seeks leave to amend its complaint after the

---

[1] Method filed a redacted version of the motion on October 13, 2023, (doc. 110), and filed an unredacted version under seal on October 17, 2023, (doc. 117). Other than the redactions, the motions are the same.

time required by a court's scheduling order, the plaintiff "must first demonstrate good cause under Rule 16(b) before" a court considers "whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

This good cause standard precludes modification unless the schedule cannot "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *see also Sosa*, 133 F.3d at 1419 ("In light of [plaintiff's] lack of diligence in protecting her rights, [her] attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause."). If a plaintiff shows good cause, and "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1255 (11th Cir. 1998) (alteration in original) (citation omitted), then the court "should freely give leave [to amend the complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2).

## II. DISCUSSION

H-2 is the only defendant in Method's operative complaint. Method's operative complaint asserts five counts against H-2. Count II was dismissed in this Court's order on February 3, 2022. (Doc. 37). Counts I and III both allege false advertising in violation of the Lanham Act Section 43(a)(1)(B). Count I alleges that H-2 falsely represented that H-2's products are prescription drugs that comply with federal serialization requirements. In Count III, Method alleges that H-2 falsely represented in its marketing that its products

2

were FDA-approved. Count IV alleges false advertising in violation of the Lanham Act Section 43(a)(1)(A) in the advertising and labeling of H-2's products. Finally, Count V alleges unfair competition in violation of the Lanham Act Section 43(a)(1)(A) due to misleading advertising and product labels that were likely to confuse or deceive customers.

Method seeks to amend its complaint to add Brooke Tilley Cantey ("Cantey"), President of H-2, as a defendant in her individual capacity. Method points to various documents produced by H-2 in discovery which, according to Method, evidences Cantey's direct involvement with and control over H-2's product marketing and labeling decisions, including email correspondence, pharmaceutical product forms with Cantey's signature, and product pricing offers representing the products at issue as having National Drug Codes with Cantey's signature. H-2 takes issue with Method's proposed amendment for three reasons. First, H-2 contends that Method's proposed amendment is more significant than the simple addition of a party, but instead "vastly expand[s] the scope of the case." (Doc. 126 at 2). Second, H-2 argues that Method did not exercise diligence in its filing, but instead Method's motion has been filed with "extreme delay." (*Id.*). Finally, H-2 argues that the amendment would cause H-2 to suffer undue prejudice due to the anticipated need to extend deadlines, acquire separate counsel, and engage in further discovery if the motion were granted. The Court addresses H-2's arguments below.

### A. Rule 16—Good Cause

H-2 first argues that Method's proposed amended complaint does more than simply add Cantey as a defendant, but instead adds allegations beyond the operative complaint's timeline. H-2 also points to Method's efforts to "clean up" allegations unrelated to Cantey,

3

which it claims constitute Method's "attempt to surreptitiously address" certain issues in its operative complaint and to "backdoor additional changes." (Doc. 126 at 11–13). But H-2 fails to link this argument to the Rule 16 good cause inquiry or otherwise explain how these "additional changes" bear on the Court's resolution of Method's motion. Additionally, Method attached to its motion a redlined version of its proposed amended complaint. (Doc. 110-14). After reviewing the redlined version, the Court finds that any changes unrelated to Cantey's addition as a defendant do not expand the scope of the allegations or the litigation such that the changes counsel against granting leave to amend. Further, the change indicating that H-2 no longer continues to advertise the relevant products on its website with an "Rx" label, but instead stopped doing so at some point in 2023, does not expand the original complaint's timeline such that the change counsels against granting leave to amend.

Next, H-2 argues that Method did not exercise diligence in seeking leave to amend. Specifically, H-2 contends that Method had ample opportunity to seek leave to amend its complaint before the Court entered its most recent amended scheduling order on August 31, 2023, (doc. 101), and that Method delayed five months in filing from when they first received documents supporting Cantey's addition as a defendant. Although this argument may be relevant to the Court's Rule 15 analysis, the relevant inquiry under Rule 16(b) is whether the *schedule* "cannot reasonably be met despite the diligence of the party seeking the extension." See Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *Sosa*, 133 F.3d at 1418. Thus, in this case, the relevant inquiry is whether Method, exercising diligence, could reasonably have met the May 23, 2022 deadline for amending pleadings.

4

On this record, the Court finds that the deadline for amending pleadings could not reasonably have been met despite Method's diligence. *Cf. Sosa.*, 133 F.3d at 1419 (finding a lack of diligence where the plaintiff did not diligently pursue the relevant information in discovery and also had certain information supporting the proposed amendment before the lawsuit was even filed). Method represents, and H-2 does not dispute, that Method served its first request for production of documents on March 3, 2021. (Doc. 117 at 18).[2] Additionally, Method represents, and H-2 does not dispute, that H-2 did not begin to produce documents in response to these requests beyond initial disclosures until March 31, 2023. (*Id.* at 4). In the intervening time, the parties jointly moved in December 2022 to extend the Scheduling Order deadlines by 120 days so that they could attempt to mediate the case, (doc. 47 at 2), and they moved for another extension in February 2023, citing their attempts to settle the case and need for more time to complete discovery, (doc. 50). H-2 argues Method was not diligent because it did not raise any issue concerning the pleadings deadline when the parties requested their prior extensions of the Scheduling Order. The Court finds H-2's argument misplaced because it does not bear on whether Method, exercising diligence, could have reasonably met the *May 23, 2022* deadline for amending pleadings–the relevant inquiry under Rule 16(b). Moreover, given the minimal discovery that had been produced by H-2, the Court agrees with Method that it likely had an insufficient basis at those times to seek to amend the complaint or extend the pleadings deadline. The Court finds that under these circumstances, the deadline to amend the

---

[2] The parties filed their Rule 26(f) report of parties' planning meeting on December 7, 2020, (doc. 22), in which they represent that they held their Rule 26(f) conference on November 23, 2020, (*id.* at 1).

pleadings could not have "be[en] met despite the diligence of [Method]." *See* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *see also Sosa*, 133 F.3d at 1419.[3] Consequently, the Court finds that Method has shown good cause under Rule 16(b).

### B. Rule 15—Leave to Amend

The Court now turns to the question of whether leave to amend should be granted under Rule 15. In addition to its arguments that H-2 unduly delayed seeking leave to amend, H-2 argues that Brooke Cantey and H-2 will face undue prejudice if the motion were granted at this stage in the litigation.

In support of its undue delay argument, H-2 asserts that Method waited five months after receiving relevant documents in discovery to seek leave to add Cantey as a defendant. Although Method received some relevant documents concerning Cantey in May 2023, Method represents that some of the documents supporting Cantey's addition as a defendant were produced by H-2 only after the Court compelled H-2 to do so on August 23, 2023, (*see* doc. 83), and others as recently as September 29, 2023. (Doc. 117 at 15). H-2's chart of the production dates of the documents relied upon by Method confirms that many of the relevant documents were produced between July and late September 2023. (Doc. 126 at 15–16).

---

[3] H-2 also argues that Method first had notice of Cantey's involvement in April 2021 when H-2 indicated in an initial interrogatory response that Cantey was an agent "responsible for preparing labels for the H2 Products at issue" and "coordinating listing of the products at issue." (Doc. 126 at 18). Method points out that they had no other information about Cantey at that time beyond these interrogatory responses. On this record, the Court concludes that Method's possession of this limited information in April 2021 does not support a finding that Method failed to exercise diligence.

Moreover, after producing over 15,000 documents, it was only on October 2, 2023 that H-2 indicated that discovery was "substantially complete." (Doc. 117 at 4). Once Method had received H-2's notice that production was substantially complete on October 2, 2023, Method filed its motion to amend its complaint eleven days later. (Doc. 110). Thus, H-2's characterization that Method waited five months to seek leave to amend its complaint lacks support. Instead, the record reflects that Method received the relevant documents over the course of five months, from May until late September 2023, and then sought leave to amend less than two weeks after being notified that H-2's discovery was "substantially complete." The record also reflects that the parties have been litigating numerous discovery disputes since July 2021. Consequently, on this record the Court finds that Method did not unduly delay seeking leave to amend.

Turning to the prejudice argument, H-2 contends that since discovery in this case closed on December 4, 2023, adding Cantey at this stage would leave her with no time to conduct her own discovery or expert disclosures and little time to retain and consult with counsel or negotiate for a protective order. H-2 contends that should Cantey be added as a defendant, most of the discovery would need to be completed a second time. Method argues in turn that efficiency is better served by adding Cantey as a defendant to this case as opposed to filing a separate lawsuit against her. Further, Method states that "it is not aware of any additional discovery from Cantey that would be needed if the amendment is permitted." (Doc. 130 at 19). Method also indicates that Cantey has already been deposed in her corporate capacity as one of H-2's designated Rule 30(b)(6) witnesses and in her individual capacity.

The Court finds that Cantey and H-2 will not face undue prejudice in the event of an amendment. Even if the litigation schedule is further extended as a result of the amendment, such an extension does not change the Court's conclusion that justice requires that the motion be granted. "Any amendment to an original pleading necessarily involves some additional expense to the opposing party. In this case, it is of nominal proportions" relative to the efficiency of litigating these matters together, Method's diligence, and the minimal additional discovery anticipated in the event of an amendment. *See Loggerhead Turtle*, 148 F.3d at 1257. Moreover, efficiency counsels in favor of adding Cantey as a defendant in this case as opposed to Method filing a separate action against her. Consequently, the Court in its discretion finds leave to amend appropriate under Rule 15(a).

### III. CONCLUSION

Accordingly, having found that Method has shown good cause under Rule 16(b) and that justice requires the amendment under Rule 15(a), it is

ORDERED that the Plaintiff's motions (docs. 110, 117) are GRANTED. It is further

ORDERED that the Plaintiff shall file its amended complaint on or before **December 14, 2023**, in compliance with this Court's local rules. *See* L.R.M.D.Ala.15.1.

DONE this 7th day of December, 2023.

                                        /s/ Emily C. Marks
                                     EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE