IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| METHOD PHARMACEUTICALS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:20-cv-753-ECM ) [WO] |
| H2-PHARMA, LLC, *et al.*, | ) ) |
| Defendants. | ) |

**O R D E R**

This cause is before the Court on Plaintiff Method Pharmaceuticals, LLC's ("Method") objection to the Magistrate Judge's order denying its motion for sanctions filed on December 28, 2023. (Doc. 182). For the reasons stated below, Method's objection is due to be overruled.

**I. BACKGROUND**

On May 22, 2023, Method filed a motion to compel Defendant H2-Pharma, LLC ("H2") to respond to certain discovery requests. (Doc. 65). On August 23, 2023, the Magistrate Judge granted in part and denied in part the motion to compel. (Doc. 83). Approximately two months after the Magistrate Judge entered the order, Method filed a motion for sanctions claiming that H2 had not complied with the court's order; as recompense, Method requested two forms of sanctions: "(1) an order prohibiting [H2] from introducing evidence to rebut Method's damages calculations and finding as established Method's calculation of damages, and (2) an award to Method of its attorneys' fees related to [H2's] discovery misconduct." (Doc. 119 at 7). The motion for sanctions was fully

briefed, and the Magistrate Judge entered his order on December 15, 2023. (Doc. 163). The Magistrate Judge found that, out of the seven challenged Interrogatories, H2 had "not complied with the August 23 Order as it pertains to Interrogatories 1, 12, and 13." (*Id.* at 12). However, he "decline[d] to sanction [H2] for failing to answer the Interrogatories," explaining that "because these Interrogatories do not weigh on Method's damages calculations, it would be inappropriate for the undersigned to sanction [H2] in the way Method requests—i.e., by prohibiting [H2] from introducing evidence to rebut Method's damages calculations." (*Id.*). The Magistrate Judge also declined to impose sanctions because H2 "has substantially complied with the August 23 Order" concerning the Requests for Production. (*Id.*).

Method filed an objection to the Magistrate Judge's order, arguing that because the Magistrate Judge found that H2 violated a court order, the Magistrate Judge acted contrary to law by not awarding Method fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). (Doc. 182). The objection was fully briefed and is ripe for review.

## II.  LEGAL STANDARD

Under FED. R. CIV. P. 72(a), a district court must set aside a magistrate judge's order if the ruling was "clearly erroneous or [] contrary to law." Review of the order is "extremely deferential" to the magistrate judge. *See, e.g.*, *Auburn Univ. v. Int'l Bus. Machs., Corp.*, 2011 WL 5190821, at *1 (M.D. Ala. Nov. 1, 2011). An order is "clearly erroneous" if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D.

Ala. July 23, 2008) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

Relevant here, when a party has failed to comply with a court order, Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

### III.  DISCUSSION

In its objection, Method argues that the Magistrate Judge incorrectly "decline[d] to order [H2] or its attorneys to pay fees" because fees under Rule 37(b)(2)(C) are mandatory upon a finding of a violation of a court order. (Doc. 163 at 12). H2 argues in response that it did not violate the August 23 Order for purposes of sanctions under Rule 37, and even if it did, H2 believed in good faith that its production of documents would satisfy its interrogatory obligations and its supplement to the deficient Interrogatories on January 4, 2024, cured the violation.

The Magistrate Judge found that H2 failed to comply with the court's prior order regarding three interrogatories, and that H2 had substantially complied with the requests for production. While compliance with discovery orders is not a game of horseshoes (where close is good enough), here the Magistrate Judge whose discovery order was violated found that the circumstances did not warrant sanctions, thereby falling under the second exception to mandatory imposition of sanctions under Rule 37(b)(2)(C). *See Saadi v. Pierre a Maroun & Maroun's Int'l, LLC*, 2021 WL 8650783, at *1–2 (M.D. Fla. Jan.

3

25, 2021) (finding that sanctions were not appropriate under Rule 37(b)(2)(C) because the "Defendants demonstrated that they made reasonable efforts to comply with the Court's directives.").[1]  The Court discerns no legal error and thus finds no reason to disturb the Magistrate Judge's ruling.

## VI. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Method's objection to the Magistrate Judge's Order (doc. 182) is OVERRULED.

DONE this 14th day of June, 2024.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Here, and elsewhere in this Order, the Court cites nonbinding authority.  While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.